IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHAWN ANDERSON,

                Plaintiff,                      OPINION AND ORDER

  v.

                                                  24-cv-600-wmc

KELLY R. WILLARD-WEST, ROBERT MILLER,
MICHAEL G. GIERACH, SELENA FOX,
BRAD HOMPE, CHERYL B. EPLETT,
GRAVUNDER, HERNANDEZ, TONIA MOON,
JEFFREY FREUND, WISCONSIN DEPARTMENT OF CORRECTIONS,
KEVIN A. CARR, SKINNER, TERRY E. SAWALL,
VANESS, CHARLES WEILEY, and
JOHN/JANE DOE #1,

                Defendants.

Plaintiff Shawn Anderson, a state inmate currently housed at Redgranite Correctional Institution, is representing himself in this action against various prison officials and the Wisconsin Department of Corrections for, among other things, allegedly interfering with his practice of Satanism. Because plaintiff is incarcerated, the court must screen the complaint under 28 U.S.C. § 1915A and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. Plaintiff's complaint will be dismissed because it does not comply with Fed. R. Civ. P. 8 and 20, but the court will allow plaintiff 30 days to file an amended complaint, **using the court's standard complaint form**. Also, plaintiff's motion for the court to order prison officials to allow him to photocopy certain publications (dkt. #3) will be denied.

OPINION

## I. Rules 8 and 20 Problems

Fed. R. Civ. P. 8(a)(2) requires a complaint to include "*a short and plain statement* of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants so that the court and defendants may "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Complaints that are unnecessarily lengthy, coupled with repetition and immaterial allegations, may violate Rule 8. Indeed, "length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *see also Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings.").

While certain, complex claims may warrant a long complaint, and conciseness may be difficult for a self-represented litigant, this 122-page, 879-paragraph complaint is unnecessarily long. Much of the complaint is repetitive, as plaintiff realleges the same facts in different counts. (*E.g.*, Compl (dkt. #1) ¶¶ 95-126.) Moreover, many of the allegations are irrelevant. For instance, plaintiff devotes pages to explaining and conducting a

2

statistical analysis of the books approved and denied by prison officials. Finally, the complaint includes unnecessary legal argument and citation.

Even if the court could parse this enormous complaint, it also violates Rule 20. Rule 20 permits plaintiffs to join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Yet, as the Court of Appeals for the Seventh Circuit has explained, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012).

The primary thrust of plaintiff's complaint appears to be that prison officials have interfered with his ability to practice Satanism, but he raises several distinct types of claims. *First*, the court understands plaintiff to allege constitutional and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims based on prison officials denying him access to certain religious publications, preventing him from making offerings, and confiscating his religious pendant. *Second*, plaintiff alleges that prison officials forced him to engage with a Pagan leader and favored Wiccan practitioners. *Third*, plaintiff alleges that prison officials violated his First Amendment rights by retaliating against him for filing a complaint with the local sheriff's office. *Fourth*, plaintiff alleges that Kelly Willard-West prevented him from exhausting the prison grievance process.

Lawsuits like this one, which include many claims, defendants, and incidents are difficult for defendants to respond to and for the plaintiff and the court to manage. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different

3

defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendant suits.") (quotation marks omitted).  Thus, in his amended complaint, plaintiff should choose one group of claims to proceed on and clarify his claims.

In drafting his amended complaint, **plaintiff must use this court's standard complaint form, which will be sent along with this order**.  If the complaint form does not provide him with sufficient room to allege his claims, **plaintiff may attach up to five additional pages.**  Plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation.  This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events.  Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements.  Finally, plaintiff should leave out all statistical analysis as well as any legal citation and argument from his amended complaint.

## II. Motion for Photocopies

Plaintiff moves the court to order defendants to allow him to make photocopies of certain publications that he needs to present to the court. (Dkt. #3.)  Plaintiff does not identify the publications.  However, an exhibit provided by plaintiff shows that he asked library staff to copy an entire book, but they declined because the materials were protected by a copyright that restricted copies without written permission. (Dkt. #3-1.)  Plaintiff's motion will be denied without prejudice.  First, plaintiff does not need to photocopy publications right now -- rather, he needs to draft an amended complaint.  He also does not need to provide the court with physical copies of the publications; the titles alone are

enough at this point. Second, this court generally does not interfere with matters of institutional security or prison administration. If this case is allowed to proceed and plaintiff still needs photocopies of publications to litigate this case, he may renew his motion at that time.

ORDER

IT IS ORDERED that:

1) Plaintiff Shawn Anderson's complaint is DISMISSED without prejudice. (Dkt. #1.)

2) Plaintiff has until **October 4, 2025**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss his claims without prejudice for failure to prosecute. Fed. R. Civ. P. 41(b).

3) Plaintiff's motion for the court to order defendants to allow him to photocopy certain publications (dkt. #3) is DENIED.

Entered this 4th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge